**EDLUND COMPANY, Inc., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 195, Docket 26570.**

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1961.

Decided March 14, 1961.

A. Pearley Feen, Burlington, Vt. (Paul D. Sheehey, R. Allan Paul, Burlington, Vt., on the brief), for appellant.

Arthur I. Gould, Washington, D. C. (Louis G. Whitcomb, U. S. Atty., Rutland, Vt., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before LUMBARD, Chief Judge, MADDEN, Judge, United States Court of Claims,* and WATERMAN, Circuit Judge.

MADDEN, Judge.

The plaintiff has appealed from a decision of the United States District Court for the District of Vermont, denying recovery by the plaintiff of Federal income taxes collected from it for the years 1953 through 1956. The dispute is as to whether the plaintiff was entitled to a higher basis for the depreciation of its property during those years, and a consequently larger deduction for depreciation, than it was allowed by the tax authorities.

The plaintiff acquired the property in question from two persons, Walter Edlund and Willett Foster, and paid them for it by issuing to them the plaintiff's stock. The ordinary rule is that if one acquires property by an exchange for it of other property, the value of the property given in exchange is the basis,

* Sitting by designation.

for depreciation and other tax purposes, of the acquired property in the hands of the new owner. If this general rule were applicable to the plaintiff's situation, it would be entitled to recover, since it claims that the basis for its property is the value of its stock which it issued in exchange for the property.

But the general rule is not applicable to the plaintiff's situation. Walter Edlund and Foster owned the property in question as equal partners when they transferred it to the plaintiff for the plaintiff's stock. And all of the plaintiff's stock was issued to the two partners, in the exchange, each partner receiving one-half of the stock. Section 112(b) (5) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.) § 112(b) (5) provides that if property is transferred to a corporation solely in exchange for the stock of the corporation and if, immediately after the exchange, the former owner of the property is in control of the corporation, and, if the property was transferred by two or more persons, their holdings of stock are in substantially the same proportions as their former interests in the property transferred, the exchange is a tax-free exchange and no taxable gain or loss arises out of it. Then section 113(a) (8), 26 U.S.C. (1952 ed.) § 113(a) (8) provides that, when the requirements of section 112(b) (5) are fulfilled, the basis of the property in the hands of the corporation shall be the basis which the property had in the hands of the transferors.

The statutes referred to above seem to be directly applicable to the plaintiff's situation, and to preclude recovery by it. The plaintiff urges, however, that certain events which we will now relate make the cited statutes inapplicable to its case.

The property in question had, for some years before 1952, been owned by Oscar O. Edlund and Walter Edlund, as equal partners. In 1952 the sale of Oscar Edlund's interest to Willett Foster was under discussion. Counsel for the partnership, on September 5, 1952, prepared a memorandum of advice as to how such

a transfer could be made, how notes payable to Oscar Edlund for the deferred portion of the purchase price could be drawn, what the tax effects of the transaction might be, etc. The memorandum said that Oscar Edlund had indicated a willingness to sell his interest for $185,000 and that "He will accept a note of the enterprise, either as a partnership or a corporation, for the sum of $82,500." The memorandum later stated what Walter Edlund was willing to do "if a corporation is organized." It further said, "A corporate entity is indicated in the event that this sale of the Oscar Edlund interest is arranged," and described in some detail how the debt and capital structure of the corporation could be established.

The Edlunds and Foster made no agreement to follow the suggestions of the memorandum. On January 1, 1953, Oscar Edlund sold his interest in the partnership to Foster. On May 20, 1953 the plaintiff company was incorporated and within a few days thereafter Walter Edlund and Foster transferred the partnership property to the plaintiff and each received one-half of the plaintiff's stock.

The plaintiff urges that the transfer of the property to the plaintiff corporation was not, realistically considered, a transfer from Walter Edlund and Foster, but was a transfer from Oscar Edlund and Walter Edlund, because its ultimate destination in the corporation was contemplated from the time that Oscar Edlund transferred his interest to Foster. If the transfer is treated as the plaintiff would have us treat it, it was not a tax-free exchange under section 112(b) (5) because Oscar Edlund, though in reality the transferor of one-half of the property to the corporation, got none of the stock of the corporation.

The only supporting evidence to which the plaintiff can point is the September 5, 1952 memorandum of counsel, referred to above. There is no evidence that when Oscar Edlund, on January 1, 1953, transferred his partnership interest to Foster, Foster and Walter Edlund obligated themselves to form a corporation and transfer the partnership assets to it.

They continued for nearly five months to operate the business as a partnership, and so far as appears, could have continued to do so indefinitely. They were the owners of the property in question when they transferred it to the plaintiff corporation late in May. The requirements of section 112(b) (5) were satisfied.

This court, in the case of Wilgard Realty Co. v. Commissioner, 127 F.2d 514, certiorari denied 317 U.S. 655, 63 S.Ct. 52, 87 L.Ed. 527, discussed a question involving the interpretation of section 112(b) (5) which is very similar to the question now before us. In that case the former owner, Chamberlain, at the time he transferred land to the corporation and received the corporation's stock in exchange, had the intent to give some three-fourths of the stock to various relatives, which he did immediately after he received the stock. The corporation sold the land some years later. If the transaction by which it acquired the land was a tax-free transaction, the corporation was taxable on capital gains computed on Chamberlain's basis for the land. This court held that the corporation was so taxable, because, at the time Chamberlain received the stock, he was not obligated to transfer the stock to others, but was free to change his mind about making gifts of the stock, so that he had, "immediately after the exchange," the "control of the corporation," as required by section 112(b) (5). The cases of Bassick v. Commissioner, 2 Cir., 85 F.2d 8; Hazeltine Corp. v. Commissioner, 3 Cir., 89 F.2d 513; and Heberlein Patent Corp. v. United States, 2 Cir., 105 F.2d 965, which are relied upon by the plaintiff in the instant case, were noticed and distinguished on the ground that in those cases there was a pre-existing obligation on the part of the receiver of the stock to transfer it to others. The instant case is different from Wilgard Realty in that it involves the question of the identity of the transferors to the corporation, rather than the question of the receipt of control by the transferee, but we think the principle enunciated in Wilgard Realty is applicable here. The immediate transferors, Walter Edlund and Willett Foster, owned the property free of any legal obligation to sell it to the plaintiff corporation. Had they chosen to keep it, or to convey it so some third party, they were free to do so. Having chosen to transfer it to the plaintiff, they are transferors within the meaning of section 112(b) (5).

The District Court denied recovery, citing the Wilgard case, supra. We think the opinion in that case makes further discussion unnecessary.

Affirmed.